# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

B.R.W CONTRACTING, INC.,

    Plaintiff,

v.                                                     Case No. 8:20-cv-2318-TPB-SPF

HERNANDO COUNTY, FLORIDA,
et al.,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DEFERRING
## IN PART DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on "Defendants Hernando County, John Mitten, Wayne Dukes, John Allocco, Jeffrey Holcomb, Steve Champion and James Wunderle's Motion to Dismiss Plaintiff's Amended Complaint," filed October 22, 2020. (Doc. 20). Plaintiff filed its response in opposition on November 5, 2020. (Doc. 28). On April 28, 2021, the Court held a hearing to address this matter. (Doc. 52). After reviewing the motion, response, legal arguments, court file, and record, the Court finds as follows:

### Background[1]

Plaintiff B.R.W Contracting, Inc. is a Florida-based certified underground utility and excavation contractor engaging in projects such as utilities and road construction.

---

[1] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Defendant Hernando County is a political subdivision of the State of Florida, and Defendants John Mitten, Wayne Dukes, John Allocco, Jeffrey Holcomb, Steve Champion are county commissioners for Hernando County. Defendant James Wunderle is the Hernando County Chief Procurement Officer.

On May 27, 2020, Plaintiff submitted a bid to Hernando County to complete a road resurfacing project. The bid was one of six submitted and – at $433,951.00 – was the lowest bid received. Defendants nevertheless rejected this bid, allegedly due to past performance on projects. Based on this rejection and comments made by some of the individual Defendants during the bidding process, Plaintiff has asserted five claims against Defendants: (1) violation of procedural due process under 42 U.S.C. § 1983 (Count I), (2) violation of substantive due process under § 1983 (Count II), (3) temporary and permanent injunctive relief under § 1983 for due process violations (Count III), (4) declaratory relief under § 1983 for due process violations (Count IV), and (5) breach of the settlement agreement under state law (Count V).

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

In the motion, Defendants argue that all claims should be dismissed for failure to state a claim. Additionally, Defendants argue that John Mitten, Wayne Dukes, Jeffrey Holcomb, John Allocco, Steve Champion, and James Wunderle are entitled to qualified immunity.

### *Counts I, II, III, and IV – Failure to State a Claim*

#### § 1983 Due Process Claims

Counts I and II assert claims under 42 U.S.C. § 1983 based on alleged violations of Fourteenth Amendment procedural and substantive due process rights. Counts III and IV assert claims for injunctive and declaratory relief based on the same violations. The claims in all four counts turn on Plaintiff's allegation that Defendants' conduct deprived Plaintiff of a protectable property or liberty interest. Defendants argue, among other

things, that Plaintiff's § 1983 claims should be dismissed for failure to state a claim on the ground that Plaintiff's allegations fail to show a violation of either interest.

*Property Interest*

To state a § 1983 claim, "a plaintiff must allege a violation of a federal right by a person acting under color of state law." *Circa Ltd. v. City of Miami*, 79 F.3d 1057, 1060 (11th Cir. 1996) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). Here, Plaintiff invokes the federal right to be free from deprivations of property without due process of law. For the purpose of § 1983 claims, the parameters of a plaintiff's property interest are defined by state law. *Key West Harbour Dev. Corp. v. City of Key West*, 987 F.2d 723, 727 (11th Cir. 1993). Unless state law creates an entitlement to an award, the bidder has at most a unilateral expectation in a contract rather than a protectable property interest. *See Cunningham v. Adams*, 808 F.2d 815, 820 (11th Cir. 1987); *MCO Airport Concessions, LLC v. Greater Orlando Aviation Auth.,* No. 6:11-cv-742-Orl-22GJK, 2012 WL 12896558, at *6 (M.D. Fla. Feb. 14, 2012), *aff'd,* 508 F. App'x 920 (11th Cir. 2013) (holding that allegations that the defendants conducted a discriminatory bid process were insufficient: "[b]y submitting a proposal . . . Plaintiff could at most obtain a unilateral expectation in the . . . contract."). "Whether Florida law has created a property interest is a legal question for the court to decide." *Key West*, 987 F.2d at 727.

Under Florida law, a property interest may be created by a statute, ordinance, contract, policies, or institutional practices. *Id*. When considering whether a property right has been created, "the determinative issue is the level of discretion afforded to the governmental body by the statutes, ordinances, policies or rules." *Am. Recycling Co., Inc.*

*v. Cnty. of Manatee*, 963 F. Supp. 1572, 1583 (M.D. Fla. 1997). As more discretion is granted to the governmental entity, the less likely it is that a constitutionally protected property interest exists. *See id.*

Plaintiff alleges a property interest based on Florida Statutes, the county's procurement ordinance, and the county's procurement manual. Upon review, the Court finds that Plaintiff has not sufficiently alleged the existence of a protectable property interest. Section 255.20(1)(d) requires that projects that are awarded based on price must be awarded to the lowest qualified and responsive bidder in accordance with applicable county ordinances and contract documents. Section 366.44, *F.S.*, provides that contracts are to be awarded to "the lowest responsible bidder." § 336.44(2), *F.S.* It further provides that the "commissioners may reject any or all bids and require new bids to be made." § 366.44(5), *F.S.* The Florida Supreme Court has held that these provisions confer "wide discretion" on counties in accepting bids for construction of county roads. *See Liberty Cnty. v. Baxter's Asphalt & Concrete, Inc.*, 421 So. 2d 505, 506-07 (Fla. 1982); *Baxter's Asphalt & Concrete, Inc. v. Dep't of Transp.*, 475 So. 2d 1284, 1286 (Fla. 1st DCA 1985) (statutory provision for award to "lowest responsible bidder" gave Florida agency "great leeway in awarding bids").

Furthermore, the Hernando County Ordinances and Purchasing Manual provide county commissioners with discretion in awarding contracts. While the commissioners must "accept the best and lowest responsible and responsive bid" they may "reject any bidder found by the [commissioners] not to be responsible or otherwise unable to perform satisfactorily all provisions of the contract." Hernando County Ordinances, Sec. 2-108(b).

Additionally, the county's Purchasing Manual further states that "the act of selecting the bid which best suits the needs of the County is not always simply a matter of quantitative selection but one that may require individual judgment and practical experience." Hernando Cnty. Purchasing and Contracts Policies and Ps. Manual, 140I, V. The manual explicitly permits the commissioners to use their individual judgement to consider the bidder's character, reputation, and past performance on prior projects. *Id*. The subjective nature of these factors clearly affords the commissioners considerable discretion in awarding bids, which is antithetical to a claim of entitlement under Florida law. *See, e.g., Cunningham*, 808 F.2d at 821 ("The general and subjective nature of at least some of the criteria indicates that the Board was vested with considerable discretion in making the award."). Accordingly, state law did not grant Plaintiff an entitlement or property interest in an award of the project

Plaintiff has pointed to no binding precedent establishing that Florida law confers a protected property right to a rejected lowest bidder. Plaintiff relies on *Pataula Elec. Membership Corp. v. Whitworth*, 951 F.2d 1238 (11th Cir. 1992), but *Pataula* is distinguishable. There, the Eleventh Circuit held that Georgia statutory provisions and an agency-promulgated Vendor Manual created a protected property interest for disappointed bidders. This result, however, was based on Georgia law, including the panel's view that Georgia Supreme Court precedent held that a rejected bidder has a protected property interest. *See Pataula*, 951 F.2d at 1243-44 ("[T]he Georgia Supreme Court has long recognized a constitutionally protected property interest in the award of a

contract under competitive bidding statutes and rules . . . ."). No Florida Supreme Court precedent so holds.

Therefore, Plaintiff has failed to sufficiently allege the required protectable property interest.[2] Although it does not appear that Plaintiff can allege such a right under the facts presented, in an abundance of caution, the Court will grant leave to amend to state a valid property interest claim.

*Liberty Interest*

In this case, Plaintiff also invokes the federal right to be free from deprivations of liberty without due process of law. "Liberty interests are both broader and more difficult to define than property interests." *Bank of Jackson Cnty. v. Cherry*, 980 F.2d 1362, 1367 (11th Cir. 1993). A due process liberty interest claim may encompass the liberty "to follow a chosen profession free from unreasonable government interference" or "to work for a living in the common occupations of the community." *Morley's Auto Body, Inc. v. Hunter*, 70 F.3d 1209, 1217 n.5 (11th Cir. 1995) (quoting *Greene v. McElroy*, 360 U.S. 474, 492 (1959); *Truax v. Raich*, 239 U.S. 33, 41 (1915)).

---

[2] Plaintiff's procedural and substantive due process claims based on the rejection of its bid fail for additional reasons. In order to allege a procedural due process claim, a plaintiff must allege that no adequate state remedies are available. *See, e.g, Clewiston Commons, LLC v. Cty. of Clewiston*, No. 2:18-cv-339-FtM-PAM-MRM, 2019 WL 6614220, at *2 (M.D. Fla. Dec. 5, 2019). Plaintiff has failed to allege facts showing that Florida provides no adequate remedies for the alleged deprivation of property without due process. *See McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) ("[O]nly when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation under § 1983 arise."). Plaintiff's substantive due process claim fails because state-created property rights are not subject to substantive due process protection. *See id.* at 1556.

Upon review, the Court finds that Plaintiff has failed to sufficiently allege the violation of a protectable liberty interest. In the amended complaint, Plaintiff generally asserts that the denial of the construction bid constitutes a *de facto* debarment from receiving future county contracts and violates its liberty interest to earn a livelihood, relying primarily on comments made by individual Defendants. However, even if true, these comments do not appear to constitute a debarment from future contracts with Hernando County, because they represent only the views of individual commissioners at one point in time. *See Church & Tower, Inc. v. Miami-Dade Cnty., Fla.*, 11 F. Supp. 2d 1376, 1379 (S.D. Fla. 1998), *aff'd sub nom. Church & Tower v. Miami-Dade Cnty.*, 214 F.3d 1354 (11th Cir. 2000) ("The Court cannot assume that the statements attributed to the Mayor and Manager in the press are sufficient to predict how the County will act in the future. The terms of county officials are not permanent.").

Even if Plaintiff were debarred or otherwise precluded from receiving contracts from Hernando County, Plaintiff's allegations would not constitute a violation of a protectable liberty interest because Plaintiff could participate in construction projects for other employers in Hernando County, in other counties, or in other states. *See Cherry*, 980 F.2d at 1367-69 (plaintiff bank excluded from Florida loan-guarantee program did not suffer a deprivation of liberty in part because plaintiff could still participate in similar loan programs in other states); *Blackout Sealcoating, Inc. v. Peterson*, 733 F.3d 688, 689-90 (7th Cir. 2013) (affirming dismissal of § 1983 claim because allegations of plaintiff's year-long debarment from local transit authority contracts did not constitute a deprivation

of liberty). Plaintiff has not alleged that it has failed to receive any other contracts or otherwise been deprived of work as a result of the complained-of comments.

As such, Plaintiff has failed to allege the required protectable liberty interest. Although it does not appear that Plaintiff can allege such a right under the facts presented, in an abundance of caution, the Court will grant leave to amend to state a valid liberty interest claim.

### *Counts I, II, III, and IV – Qualified Immunity*

In light of the Court's dismissal without prejudice of the federal claims in Counts I-IV, the Court defers on ruling on whether the individual defendants are entitled to qualified immunity at this time. Defendants are free to raise these arguments again if an amended complaint is filed.

### *Count V – Failure to State a Claim*

In light of the Court's dismissal without prejudice of the federal claims in Counts I-IV, and in the interest of judicial economy and convenience, the Court defers on ruling on Count V at this time. The Court will instead consider Count V following the filing of the amended complaint.[3]

Accordingly, it is **ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendants' Hernando County, John Mitten, Wayne Dukes, John Allocco, Jeffrey Holcomb, Steve Champion and James Wunderle's Motion to Dismiss Plaintiff's

---

[3] The Court notes, however, that nothing in the Settlement Agreement precludes the County from considering Plaintiff's performance on that prior project in its assessment of Plaintiff's suitability for other projects. It also appears the provision of the contract cited does not relate to the breach alleged. *See* (Doc. 6 at ¶¶ 102-109).

Amended Complaint" (Doc. 20) is hereby **GRANTED IN PART** and **DEFERRED IN PART**.

(1) Counts I, II, III, and IV are **DISMISSED WITHOUT PREJUDICE**, with leave to amend. Plaintiff is directed to file an amended complaint that corrects the deficiencies identified in this Order on or before June 17, 2021. Failure to file an amended complaint as directed will result in this Order becoming a final judgment as to Counts I, II, III, and IV. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

(2) The Court **DEFERS** ruling on Count V of the amended complaint.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd day of June, 2021.

*[signature]*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**